NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHRYN COPELAND, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil Action No.** _____ |
| | § | |
| TARRANT COUNTY, TEXAS, | § | |
| OFFICE OF COURT | § | |
| ADMINISTRATION, JUDITH | § | |
| WELLS., KENNETH NEWELL, AND | § | |
| DAVID EVANS | § | |
| | § | |
| **Defendants.** | § | |

### Complaint for Damages, Declaratory, and Injunctive Relief

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Kathryn Copeland, proceeding pro se, and files this Complaint for Damages, Declaratory and Injunctive Relief against Defendants, and in support thereof states as follows:

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (42 U.S.C. § 12132), the Fourteenth Amendment to the United States Constitution, 29 U.S.C. §794 (Rehabilitation Act §504), 42 U.S.C. §1985(3), and 42 U.S.C. §1986.

1.

1

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

1. Plaintiff Kathryn Copeland is a resident of Tarrant County, Texas.

2. Defendant Judith Wells is a judge in Tarrant County, Texas, and is sued in her individual and official capacities for actions taken under color of state law.

3. Defendant Kenneth E. Newell. is the Administrative Law Judge in Tarrant County, Texas, and is sued in his official capacities for violations of Plaintiff's federal rights.

4. Defendant Tarrant County, Texas is a governmental entity and is sued for policies, practices, and customs that violated Plaintiff's federal rights.

5. Office of Court Administration is a governmental entity and is sued for policies, practices, and customs that violated Plaintiff's federal rights.

6. Judge of the Eighth Administrative Region, David Evans.

**FACTUAL ALLEGATIONS**

1. Plaintiff incorporates by reference all preceding paragraphs.

2. Plaintiff has several documented disabilities including but not limited to cognitive dysfunction (traumatic/acquired brain injury), a brain tumor (vestibular schwannoma), hypermobile Ehlers-Danlos syndrome, POTS, and other disabling conditions.

3. These conditions substantially limit major life activities including cognitive processing, memory, executive functioning, expressive and receptive language, and physical functioning.

2

4. Beginning in 2022, Plaintiff became involved in family court proceedings in Tarrant County regarding custody and medical care of her children.

5. Throughout these proceedings, Plaintiff repeatedly requested reasonable accommodations for her disabilities, including additional time to process information, written materials in advance, permission for a support person, and regular breaks during proceedings.

6. Defendants repeatedly denied these accommodation requests despite medical documentation establishing their necessity under the Americans with Disabilities Act.

7. On multiple occasions, Defendants extended ex parte temporary restraining orders beyond the statutory timeframe without providing Plaintiff an opportunity for a full hearing.

8. Plaintiff's child has a serious medical condition (Avoidant/Restrictive Food Intake Disorder) requiring specialized treatment, but Defendants' actions prevented Plaintiff from adequately advocating for necessary medical care.

9. As a direct result of Defendants' actions, Plaintiff has suffered significant harm including emotional distress, financial losses, and denial of her constitutional rights to due process and equal protection.

**CAUSES OF ACTION**

**COUNT I: Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)**

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Title II of the ADA prohibits discrimination against qualified individuals with disabilities in the services, programs, or activities of a public entity.

3. Plaintiff is a qualified individual with disabilities as defined by the ADA.

4. Defendants are public entities or officials of public entities subject to Title II.

3

5. Defendants discriminated against Plaintiff by denying her reasonable accommodations necessary for meaningful participation in court proceedings.

6. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages.

**COUNT II: Violation of 42 U.S.C. § 1983 - Fourteenth Amendment Due Process**

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. The Fourteenth Amendment prohibits states from depriving persons of life, liberty, or property without due process of law.

3. Plaintiff has a fundamental liberty interest in the care, custody, and management of her children.

4. Defendants, acting under color of state law, violated Plaintiff's procedural due process rights by: a. Extending ex parte orders without timely hearings; b. Denying Plaintiff a meaningful opportunity to be heard; c. Failing to provide reasonable accommodations required by her documented disabilities.

5. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages.

**COUNT III: Violation of 42 U.S.C. § 1983 - Fourteenth Amendment Equal Protection**

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying persons the equal protection of the laws.

3. Defendants treated Plaintiff differently from similarly situated individuals without disabilities.

4. This differential treatment was based on Plaintiff's disabilities and was not rationally related to any legitimate governmental interest.

5. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages.

**COUNTS IV - 6: Violations of 29 U.S.C. §794 (Rehabilitation Act §504); 42 U.S.C. §1985(3); 42 U.S.C. §1986.**

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Defendants also violated 29 U.S.C. §794 (Rehabilitation Act §504); 42 U.S.C. §1985(3); and 42 U.S.C. §1986.

3. This differential treatment was based on Plaintiff's disabilities and was not rationally related to any legitimate governmental interest.

4. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter declaratory judgment that Defendants' conduct violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 1983, the Fourteenth Amendment; 29 U.S.C. §794 (Rehabilitation Act §504); 42 U.S.C. §1985(3); and 42 U.S.C. §1986.

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against Defendants;

D. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and other applicable law;

E. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of August, 2025.

**Respectfully submitted,**

**/s/ John Allen Douglas**
**JOHN ALLEN DOUGLAS**
State Bar No. 24028865
6628 Briar Ridge Lane
Plano, Texas 75024
Tel: (945) 544-8650
Email: John@JADouglasLaw.com

**COUNSEL FOR PLAINTIFF,**
**KATHRYN COPELAND**