IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KATHRYN COPELAND § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00890-O |
| § | |
| TARRANT COUNTY, TEXAS, ET AL., § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

Before the Court are Plaintiff's second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 30) ("Second TRO") and Emergency Motion for Expedited Ruling or, in the Alternative, Temporary Administrative Stay (ECF No. 33) ("Stay Motion"), and Defendant Tarrant County, Texas' Response (ECF No. 34).

## I.   BACKGROUND

On August 19, 2025, Plaintiff Kathryn Copeland, filed her Complaint (ECF No. 1) against Defendants, Texas state court judges Judith Wells and Kenneth Newell, the Office of Court Administration, the Judge of the Eighth Administrative Region, and Tarrant County, Texas ("Tarrant County"), alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, the Fourteenth Amendment, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. This is the second time Plaintiff has sought such relief. *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O (N.D. Tex. filed Apr. 17, 2024) ("Plaintiff's First Lawsuit").

On December 19, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 16) ("First TRO"). Finding that Plaintiff's First TRO did not meet the ex-parte standards under Federal Rule of Civil Procedure 65, the Court ordered

Plaintiff to notify Defendants of her motion and to meet and confer regarding an agreed briefing schedule. *See* ECF No. 25. On December 30, 2025, Plaintiff informed the Court that because Defendants had not yet been served, she was unable to meet and confer with Defendants regarding an agreed briefing schedule for the Court to address her First TRO.

On January 16, 2026, Plaintiff filed her Second TRO. Finding that it did not meet the ex-parte standards under Federal Rule of Civil Procedure 65 the Court ordered Plaintiff to notify Defendants of her motion and to meet and confer regarding an agreed briefing schedule. *See* ECF No. 31. Plaintiff's Second TRO seeks "narrowly tailored, prospective relief requiring Tarrant County to comply with 28 C.F.R. § 35.107 by designating an ADA Coordinator and implementing a centralized, timely process for court-related accommodation requests."[1] Plaintiff asserts that she has "several documented disabilities including but not limited to cognitive dysfunction (traumatic/acquired brain injury), a brain tumor (vestibular schwannoma), hypermobile Ehlers-Danlos syndrome, POTS, and other disabling conditions."[2] Plaintiff's Second TRO asserts that Plaintiff has been prevented from attending several state court hearings because her accommodation requests to the state court have not been ruled on. Thus, she seeks an order from this Court directing Tarrant County to appoint an ADA Coordinator to process her court-related accommodation requests and to create written procedures.

Plaintiff informs the Court in her Stay Motion that she has an eviction hearing set for January 30, 2026, in Tarrant County Justice Court and requests a ruling on her Second TRO "on or before Thursday, January 29, 2026 at 5:00 p.m. Central Standard Time" or, in the alternative,

---

[1] Pl.'s TRO 1, ECF No. 30.
[2] Pl.'s Compl. 2, ECF No. 1.

an order staying the eviction proceeding.[3] On January 29, 2026, Tarrant County filed a Response opposing Plaintiff's Second TRO.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. A temporary restraining order is "simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (citation modified). A court may issue a Temporary Restraining Order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in its favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). As the movant, it is the party seeking relief who bears the burden of proving all four elements of the requested injunctive relief. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999). The decision to grant or deny injunctive relief is committed to a district court's discretion. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

## III. ANALYSIS

Plaintiff has not shown a likelihood of success on the merits. As the Court previously explained when it dismissed Plaintiff's First Lawsuit, the *Younger* abstention doctrine weighs against the Court interfering with Plaintiff's state court proceedings. *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O, ECF No. 17 (N.D. Tex. July 23, 2024) R&R accepted, ECF No. 19 (N.D.

---

[3] Pl.'s Emergency Mot. 3–4, ECF No. 33.

Tex. Aug. 7, 2024). Likewise, Plaintiff has not established a proper Fourteenth Amendment claim under Section 1983 against Tarrant County. *See Burns–Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir.1994). "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995). Here, Plaintiff does not identify any life, liberty, or property interest that Tarrant County has deprived her of. Thus, her claim is unlikely to succeed. And, the balance of the factors likewise do not support the request Plaintiff seeks.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 30) and **DENIES** Plaintiff's Emergency Motion for Expedited Ruling or, in the Alternative, Temporary Administrative Stay (ECF No. 33).

**SO ORDERED** on this **29th day** of **January, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**