IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHRYN COPELAND | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:25-CV-00890-O |
| | § | |
| TARRANT COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Before the Court is Plaintiff's Complaint (ECF No. 1). By Order dated August 21, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis*, subject to judicial screening under 28 U.S.C. § 1915 (ECF No. 4). After reviewing Plaintiff's Complaint, the Court **DISMISSES with prejudice** Plaintiff's Complaint because Plaintiff fails to state a claim upon which relief can be granted and seeks monetary relief against defendants who are immune from such relief.

### I.   BACKGROUND[1]

On August 19, 2025, Plaintiff, Kathryn Copeland, filed her Complaint against Defendants, three Texas state court judges: Judith Wells; Kenneth Newell; and David Evans, the Judge of the Eighth Administrative Region; the Office of Court Administration; and Tarrant County, Texas ("Tarrant County"), alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; the Equal Protection and Due Process clauses of the Fourteenth Amendment; and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. This is the second time Plaintiff has sought similar relief. *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O (N.D. Tex. filed Apr. 17, 2024) ("Plaintiff's First Lawsuit").

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* ECF No. 1.

In this lawsuit, Plaintiff asserts that she has "several documented disabilities including but not limited to cognitive dysfunction (traumatic/acquired brain injury), a brain tumor (vestibular schwannoma), hypermobile Ehlers-Danlos syndrome, POTS, and other disabling conditions." ¶ 2. She contends that these "conditions substantially limit major life activities including cognitive processing, memory, executive functioning, expressive and receptive language, and physical functioning." ¶ 3. According to Plaintiff, starting in 2022, she became involved in family court proceedings in Tarrant County regarding custody and medical care of her children.

Plaintiff alleges that throughout these proceedings she "repeatedly requested reasonable accommodations for her disabilities, including additional time to process information, written materials in advance, permission for a support person, and regular breaks during proceedings." ¶ 5. Plaintiff asserts that Defendants repeatedly denied her requested accommodations and on multiple occasions extended ex-parte temporary restraining orders beyond the statutory timeframe without providing her a hearing. She further alleges that Defendants' actions have prevented her from adequately advocating for necessary medical care for her child who has Avoidant/Restrictive Food Intake Disorder.

Plaintiff contends that as a result of Defendants' actions, she has suffered significant harm and requests that this Court enter a declaratory judgment that Defendants conduct violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, the Fourteenth Amendment, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. She also requests compensatory and punitive damages, as well as attorney's fees, from Defendants.

Plaintiff's First Lawsuit, which she brought *pro-se*, alleged similar claims against Defendants Judith Wells and Tarrant County, as well as another Tarrant County Judge, Jesus Nevarez, Jr. *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O (N.D. Tex. filed Apr. 17, 2024).

After reviewing Plaintiff's claims in the First Lawsuit, Magistrate Judge Hal Ray recommended that Plaintiff's complaint be dismissed against Judges Wells and Nevarez as they had judicial immunity and against Tarrant Country because Plaintiff's claims were frivolous. The Court adopted Judge Ray's recommendation. *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O, ECF No. 17 (N.D. Tex. July 23, 2024), R&R accepted, ECF No. 19 (N.D. Tex. Aug. 7, 2024).

## II.   LEGAL STANDARD

### A.  Screening Under 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff proceeds *in forma pauperis*, her claims are subject to *sua sponte* dismissal if they are "frivolous or malicious," "fail[] to state a claim on which relief may be granted," or "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). To be entitled to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## III.   ANALYSIS

### A.  Judicial Immunity

"It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). "Like other forms of

official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith or malice do not overcome this immunity, which "applies even when the judge is accused of acting maliciously and corruptly." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Mireles*, 502 U.S. at 11). "There are two—and only two—circumstances in which immunity yields: when a judge acts outside [his] judicial capacity, or when [he] acts in the clear absence of all jurisdiction." *Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025).

Plaintiff does not allege that Judges Wells, Newell, or Evans acted without jurisdiction. Therefore, the only question is whether they acted outside of their judicial capacity. Plaintiff's Complaint does not specify what actions any of the judges took. Plaintiff repeatedly lumps Defendants together and conclusively alleges that Defendants have harmed her in various ways. However, Plaintiff does not allege that any of the actions Judges Wells, Newell, or Evans took were outside their judicial capacity. In fact, Plaintiff's allegations stem from rulings she disagrees with, which are actions clearly within judicial capacity. She asserts that Defendants repeatedly denied accommodation requests during judicial proceedings and "extended ex parte temporary restraining orders beyond the statutory timeframe without providing Plaintiff an opportunity for a full hearing."[2] Thus, Judges Wells', Newell's, or Evans' exercise of discretionary judgment during judicial proceedings is "the hallmark of a judicial act." *Id.* Accordingly, the Court concludes Plaintiff's claims against Judges Wells,[3] Newell, and Evans are barred by judicial immunity.

---

[2] Pl.'s Compl. 3, ECF No. 1.

[3] Some of Plaintiff's claims against Judge Wells are also likely barred by res judicata, but the Court does not undertake this analysis. *See Chavez-Mercado v. Barr*, 946 F.3d 272, 275 (5th Cir. 2020), as revised (Jan. 8, 2020) ("Res judicata applies to bar a subsequent action when four elements are present: (1) both cases had the same parties; (2) a court of competent jurisdiction issued a judgment in the first case; (3) the first case was ended by way of a final judgment on the merits; and (4) both cases dealt with the same claim or cause of action.").

Therefore, Plaintiff's claims against Judges Wells, Newell, and Evans are not cognizable and are **DISMISSED with prejudice**.

### B. 42 U.S.C. § 12132 - Title II of the Americans with Disabilities Act

Plaintiff alleges that "Defendants discriminated against [her] by denying her reasonable accommodations necessary for meaningful participation in court proceedings."[4] Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Plaintiff alleges no facts to show that Tarrant County or the Office of Court Administration—the only remaining Defendants—discriminated against her under the ADA. While she does allege that "Defendants repeatedly denied [her] accommodation requests despite medical documentation establishing their necessity under the Americans with Disabilities Act,"[5] these denied requests clearly relate to judicial decisions issued by a judge, not by Tarrant County or the Office of Court Administration. A "judge's judicial actions cannot be attributed to the county." *Kastner v. Lawrence*, 390 F. App'x 311, 316 (5th Cir. 2010) (citing *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995)). Likewise, Plaintiff has not shown how the Office of Court Administration excluded Plaintiff from participation in or denied the benefits of the services, programs, or activities of a public entity, or subjected her to discrimination. Accordingly, Plaintiff has not pled a viable ADA claim against Tarrant County or the Office of Court Administration, and her claim is **DISMISSED with prejudice**.

---

[4] Pl.'s Compl. 4, ECF No. 1.
[5] *Id.* at 3.

### C.  42 U.S.C. § 1983 - Fourteenth Amendment Due Process

Plaintiff brings a claim under 42 U.S.C. § 1983 alleging violations of her Fourteenth Amendment Due Process rights. She alleges "Defendants, acting under color of state law, violated Plaintiff's procedural due process rights by: a. Extending ex parte orders without timely hearings; b. Denying Plaintiff a meaningful opportunity to be heard; c. Failing to provide reasonable accommodations required by her documented disabilities."[6] To allege a claim under § 1983, "a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995).

Plaintiff identifies no life, liberty, or property interest of which Tarrant County or the Office of Court Administration have deprived her. Thus, Plaintiff's due process claim against Tarrant County or the Office of Court Administration is not viable and is **DISMISSED with prejudice**.

### D.  42 U.S.C. § 1983 - Fourteenth Amendment Equal Protection

Plaintiff alleges a violation of the Equal Protection Clause of the 14th Amendment by asserting that "Defendants treated Plaintiff differently from similarly situated individuals without disabilities."[7] Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-68 (2009) (quoting *Twombly*, 550 U.S. at 555). Beyond her conclusory allegation, Plaintiff has not alleged any facts to demonstrate how Tarrant County or the Office of Court Administration treated her differently

---

[6] *Id.* at 4.
[7] *Id.*

from similarly situated individuals without disabilities. Thus, Plaintiff's Equal Protection claim is not viable and is **DISMISSED with prejudice**.

### E.  Rehabilitation Act Claim

Plaintiff alleges that "Defendants also violated 29 U.S.C. §794 (Rehabilitation Act §504); 42 U.S.C. §1985(3); and 42 U.S.C. §1986."[8] She contends she received "differential treatment [] based on [her] disabilities."[9] To state a claim under the Rehabilitation Act, Plaintiff must allege "(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has been excluded from participation in, been denied benefits from, or otherwise has been subject to discrimination under such program or activity." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004). Plaintiff does not allege any facts to support the required elements of a Rehabilitation Act claim or that Tarrant County or the Office of Court Administration violated the Act. Thus, Plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. Accordingly, Plaintiff's Rehabilitation Act claim is **DISMISSED with prejudice**.

### F.  Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged her best case. *Jones v.*

---

[8] *Id.* at 5.
[9] *Id.*

*Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016). "[A]t some point, a court must decide that a plaintiff has had fair opportunity to make [her] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)

This is the second time Plaintiff has brought the same or similar claims against the same or similar parties. The Court dismissed Plaintiff's previous complaint as frivolous for many of the same reasons. *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O, ECF No. 17 (N.D. Tex. July 23, 2024), R&R accepted, ECF No. 19 (N.D. Tex. Aug. 7, 2024). Plaintiff's second bite at the same apple has not shown to be fruitful. Thus, the Court concludes that allowing leave to amend would be futile.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED with prejudice**. Furthermore, as the Court has mentioned above, this is the second time Plaintiff has filed a complaint alleging the same or similar claims against the same or similar parties. For example, in Plaintiff's First Lawsuit she brought claims against Judge Wells based on judicial actions taken by Judge Wells, which the Court held were precluded based on judicial immunity. Yet, Plaintiff brought nearly identical claims against Judge Wells and other judges in this suit. Similarly, in Plaintiff's First Lawsuit she brought claims against Tarrant County based on Judge Wells' judicial actions, which the Court dismissed as frivolous. Yet, again, Plaintiff brought nearly identical claims against Tarrant County here. Accordingly, Plaintiff and her counsel, John Douglas, are **ORDERED** to explain to the Court why Magistrate Judge Ray's previous Findings and

Conclusions[10], which this Court adopted, are not valid rulings and to show cause why they should not be sanctioned for filing a baseless complaint no later than **February 19, 2026**.

    **SO ORDERED** on this **11th day** of **February, 2026**.

                                      _/s/ Reed O'Connor_
                                      Reed O'Connor
                                **CHIEF UNITED STATES DISTRICT JUDGE**

---

[10] *See Copeland v. Nevarez et al*, No. 4:24-cv-00341-O, ECF No. 17 (N.D. Tex. July 23, 2024), R&R accepted, ECF No. 19 (N.D. Tex. Aug. 7, 2024).