IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHRYN COPELAND,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | |
| TARRANT COUNTY, TEXAS,<br>TEXAS OFFICE OF COURT<br>ADMINISTRATION,<br>JUDITH WELLS,<br>KENNETH NEWELL,<br>DAVID EVANS,<br>AND MEGAN LAVOIE,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-CV-00890-O |

**Plaintiff's Response to the Court's Show-Cause Directive and Supplemental Brief in Support of Rule 59(e) Motion (ECF 39)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff responds to the Court's directive to explain why Magistrate Judge Ray's Findings and Conclusions in *Copeland v. Nevarez*, No. 4:24-cv-00341-O (the "First Lawsuit"), adopted by this Court, are "not valid rulings," and to show cause why sanctions should not issue. Plaintiff does not contend that the First Lawsuit orders were invalid as a matter of judicial power or jurisdiction. Rather, Plaintiff's position is narrower and procedural: the First Lawsuit did not adjudicate—because it did not present—the Title II access-to-courts, entity-level "methods of

- 1 -

administration," and prospective-relief framework that governs the present case as Plaintiff now seeks to prosecute it (including in the amended, prospective posture reflected in ECF No. 9 and counsel's reconsideration/ratification filing, ECF No. 23). The record therefore does not support a conclusion that this action is a "baseless" attempt to relitigate the same claims.

## I.

**The Court's directive can be satisfied without attacking the "validity" of the Nevarez rulings**

Plaintiff does not ask this Court to declare the prior orders in *Copeland v. Nevarez*, No. 4:24-cv-00341-O, void for lack of jurisdiction. Plaintiff's response is narrower: the present action is materially different in defendants, timeframe, legal theory, and relief sought, and therefore is not a sanctionable attempt to relitigate the same claims.

## II.

**The "same apple" premise is factually and legally incorrect because the operative theory here is different: independent access injury + entity-level Title II compliance failure**

The Court's screening order (Doc. 36) and TRO denial order (Doc. 35) treat Plaintiff's claims as complaints about judicial rulings in ongoing state proceedings. That framing drives both (a) the judicial immunity analysis and (b) the Younger

analysis.

But Plaintiff's core claim—especially as framed in the amended/prospective posture—is not "the judges ruled against me." It is: **public entities responsible for court administration failed to maintain a functioning accommodation mechanism (including the administrative infrastructure required by 28 C.F.R. § 35.107) and thereby excluded Plaintiff from meaningful participation in court services by reason of disability**. Under Title II, the cognizable injury is exclusion from meaningful participation itself, regardless of case outcome. *See Luke v. Texas*, 46 F.4th 301 (5th Cir. 2022).

That distinction matters for the sanctions directive: filing a civil-rights claim grounded in Supreme Court and Fifth Circuit precedent (including *Tennessee v. Lane* and *Luke*) is not "baseless," even if the Court ultimately disagrees with the application.

## III.

**Younger abstention does not defeat a process-based Title II claim seeking prospective relief that is not aimed at overturning any state-court result**

Doc. 35 states that Younger "weighs against the Court interfering with Plaintiff's state court proceedings." Plaintiff does not dispute that Younger prevents federal courts from functioning as a de facto appellate supervisor of state litigation outcomes. Plaintiff's claim, however, is not framed as a request to enjoin a specific

custody/property outcome or to review the merits of any state ruling. It seeks prospective, process-based relief: a functioning accommodation channel and non-interference with the ADA accommodation process necessary for meaningful access.

In other words, the requested relief is directed to administration and process—i.e., a continuing federal right not to be excluded from participation by reason of disability—rather than to the merits of any underlying state dispute. That difference is dispositive for likelihood-of-success analysis and for the "baselessness" finding underlying the show-cause directive.

## IV.

### Doc. 35's § 1983 "no protected interest" analysis does not resolve the Title II access claim (and the Court screened the wrong operative posture)

Doc. 35 states Plaintiff "does not identify any life, liberty, or property interest" under § 1983 due process. Even if that were correct as to a particular § 1983 theory, it does not dispose of the Title II claim. Title II creates a statutory right to meaningful access to a public entity's services, programs, and activities. The injury is exclusion from participation by reason of disability. *See Luke*, 46 F.4th at 304–06. Doc. 35's Fourteenth Amendment framing is therefore not the correct lens for the Title II access-to-courts claim.

Separately, Doc. 36 screened and dismissed "the Complaint (ECF No. 1)" and relied on the premise that Plaintiff sought monetary relief against immune

defendants. Plaintiff had filed a First Amended Complaint (ECF No. 9) seeking prospective relief, which was later stricken for signature/representation issues, and counsel filed a motion seeking reconsideration/ratification (ECF No. 23). The Court's immunity and "futility" conclusions depend materially on which pleading and remedial posture is analyzed.

## V.

## The Court's "judicial actions cannot be attributed to the county" premise does not reach Plaintiff's § 35.107 / process-infrastructure theory

Doc. 36 relies on the proposition that a judge's judicial actions cannot be attributed to the county (*Kastner*). Plaintiff's principal theory against Tarrant County and OCA is not vicarious liability for a particular judicial ruling. It is independent public-entity liability for the absence of required administrative infrastructure (ADA coordinator/grievance procedures) and for methods of administration that predictably route accommodations into adversarial motion practice rather than an individualized, documented process. 28 C.F.R. § 35.107. That is an entity-level compliance claim, not an attribution claim.

## VI.

## Good faith and non-sanctionability (and newly discovered evidence)

Even if the Court concludes Plaintiff's pleadings require refinement, sanctions are not warranted. Plaintiff's filings are grounded in recognized Title II access-to-

courts doctrine (*Tennessee v. Lane*; *Luke*) and in regulatory compliance duties (§ 35.107). Additionally, after dismissal, Plaintiff received newly discovered evidence corroborating disability during the relevant period: a fully favorable SSDI determination with an onset date of June 8, 2023. This evidence supports the good-faith basis for the accommodation requests and confirms that the asserted access barriers are medically grounded rather than tactical.

## VII.

### Relief requested

Plaintiff respectfully requests that the Court:

1. Discharge the show-cause directive and decline to impose sanctions;
2. Consider this response as a supplement to Plaintiff's Rule 59(e) motion (ECF No. 39);
3. Vacate or reconsider the dismissal in light of the operative-pleading/posture error and the correct Title II framework; and
4. Grant such other relief as justice requires.

### Exhibit list

Ex. 1:      SSA Fully Favorable determination (March 2, 2026)

Ex. 2:      County "no authority / judge decides" admission

Ex. 3:      County ADA Office written responses disclaiming responsibility

**Respectfully Submitted,**

*Kathryn Copeland*

**KATHRYN COPELAND**
**State Bar No. 24086056**
405 Crawford St. #2145
Fort Worth, Texas 76104
Tel: (817) 789-8498
Katie@CopelandLawTexas.com
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 24, 2026, a true and correct copy of the foregoing Notice was filed with the Clerk of the Court using the CM/ECF system.

*Kathryn Copeland*

**KATHRYN COPELAND**

# EXHIBIT 1

## SSDI FULLY FAVORABLE
## DETERMINATION
## (March 2, 2026)

**March 2, 2026**

**Subject:** Confirmation of Fully Favorable SSDI Decision

To whom it may concern,

This correspondence confirms that on March 2, 2026, I was contacted by the Administrative Law Judge assigned to Ms. Copeland's Social Security Disability case.

The Judge indicated that she intends to issue a **Fully Favorable Decision**, with an established disability onset date of **June 8, 2023**.

A written decision reflecting this determination is forthcoming and will be issued in due course by the Social Security Administration.

Please note that this confirmation is provided prior to issuance of the formal written decision, which remains pending administrative processing.

Sincerely,

*Susan H. Baxter*

**Susan H. Baxter**
Paralegal/Case Handler
LEGAL AID OF NORTHWEST TEXAS
600 E. Weatherford Street
Fort Worth, TX 76102
Email: baxters@lanwt.org
Phone & Fax: 817-339-5378

# EXHIBIT 2

## January 13, 2026 Email from Counsel for Tarrant County, Texas

**Subject:** RE: Availability to Discuss ADA Title II Compliance Issues

**Date:** Tuesday, January 13, 2026 at 2:08:44 PM Central Standard Time

**From:** Steve A. Lund <SALund@tarrantcountytx.gov>

**To:** John Douglas <john@jadouglaslaw.com>

**CC:** Polly S. Maxwell <PSMaxwell@tarrantcountytx.gov>

**Attachments:** image001.png

Mr. Douglas,

I've reviewed the court's docket and see that the court a) struck your motion to withdraw and b) requires all pleadings to be under your signature. Under those circumstances, I am not comfortable communicating with your client directly and will not do so.

From what I can gather, Mr. Copeland wants accommodations in state district court. Tarrant County has no authority or control over state district judges, so there is nothing I can do concerning her issues in the 236th or 141st courts.

As to the JP matters, the judge is the decisionmaker on accommodation requests. I suggest your client contact each judge's court manager in writing to request potential accommodations.

I've been preparing for a trial while simultaneously drafting an appellate brief. So, I have been and will likely continue to be slower to respond to things than is my normal practice.

Stephen Lund

Assistant District Attorney – Civil Division

Tarrant County Criminal District Attorney's Office

Tim Curry Criminal Justice Center, 9th Floor

401 West Belknap Street

Fort Worth, Texas 76196

Phone:  817-884-1651

Fax:  817-884-1675

salund@tarrantcountytx.gov

_____

**Phil Sorrells**

District Attorney

Tarrant County, Texas



CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it may contain information that is confidential, proprietary and/or privileged. It is intended for the sole use of the intended recipient. If you have received this communication in error, please promptly notify the sender at the Tarrant County District Attorney's Office by reply email and destroy the original message. Any inadvertent disclosure does not constitute a waiver of the attorney-client privilege or any other privilege. Any

App. 255

disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the intended recipient is strictly prohibited.

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, January 12, 2026 5:16 PM
**To:** John Douglas <john@jadouglaslaw.com>; Steve A. Lund <SALund@tarrantcountytx.gov>
**Subject:** Availability to Discuss ADA Title II Compliance Issues

You don't often get email from katie@copelandlawtexas.com. Learn why this is important
**EXTERNAL EMAIL ALERT! Think Before You Click!**

Hi Steve,

John passed along your message to me. He is fairly swamped at the moment, but we are working in a co-counsel capacity on this matter.

I wanted to see whether you might be available to speak tomorrow. There are several ongoing ADA Title II compliance issues involving Tarrant County courts, with imminent and continuing harm anticipated in upcoming proceedings—specifically hearings scheduled for Wednesday the 14th (JP3), Thursday the 15th (the 236th and 141st), and next Thursday the 22nd (JP5).

My goal is to work constructively with the County to identify and implement solutions to these issues before they escalate further. I believe there is an opportunity here for proactive correction, and I would welcome the chance to discuss that path—particularly in light of how similar issues have unfolded elsewhere when left unaddressed.

Thank you, and I look forward to hearing from you.

Best regards,

Katie Copeland
817-789-8498
On Sunday, January 11th, 2026 at 2:28 PM, John Douglas <john@jadouglaslaw.com> wrote:

-------- Original Message --------

**Subject:** RE: Copeland v. Tarrant County, et al. — Notice and Request to Confer re ADA Accommodations
**Date:** 2026-01-08 11:53 am
**From:** "Steve A. Lund" <SALund@tarrantcountytx.gov>
**To:** John Douglas <john@jadouglaslaw.com>
**Cc:** "Katherine E. Owens" <KEOwens@tarrantcountytx.gov>

2 of 4

Mr. Douglas,

I was on vacation when you sent this. Do you have time on Monday to talk about it?

Steve

Stephen Lund
Assistant District Attorney – Civil Division
Tarrant County Criminal District Attorney's Office

Tim Curry Criminal Justice Center, 9th Floor
401 West Belknap Street
Fort Worth, Texas 76196
Phone:  817-884-1651
Fax:  817-884-1675
salund@tarrantcountytx.gov

**Phil Sorrells**
District Attorney
Tarrant County, Texas



CONFIDENTIALITY NOTICE: This electronic transmission and any documents or other writings sent with it may contain information that is confidential, proprietary and/or privileged. It is intended for the sole use of the intended recipient. If you have received this communication in error, please promptly notify the sender at the Tarrant County District Attorney's Office by reply email and destroy the original message. Any inadvertent disclosure does not constitute a waiver of the attorney-client privilege or any other privilege. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the intended recipient is strictly prohibited.

**From:** John Douglas <john@jadouglaslaw.com>
**Sent:** Monday, December 29, 2025 11:22 PM
**To:** Steve A. Lund <SALund@tarrantcountytx.gov>
**Cc:** katie@copelandlawtexas.com
**Subject:** Copeland v. Tarrant County, et al. — Notice and Request to Confer re ADA Accommodations

You don't often get email from john@jadouglaslaw.com. Learn why this is important

**EXTERNAL EMAIL ALERT! Think Before You Click!**

3 of 4

Counsel,

I represent Plaintiff Kathryn Copeland in Copeland v. Tarrant County, et al., Civil Action No. 4:25-CV-00890-O, pending in the United States District Court for the Northern District of Texas.

The Court has directed Plaintiff's counsel to provide meaningful notice to Defendants and to confer regarding Plaintiff's request for emergency, process-based ADA accommodations. See ECF Nos. 25 and 28.

Although Defendants have not yet appeared and service via the U.S. Marshal is pending, Plaintiff previously provided notice of the lawsuit, the Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and a Request for Waiver of Service on December 19, 2025 (see ECF No. 19). No response has been received to date.

Plaintiff has state-court proceedings scheduled for January 6, January 14, and January 15, 2026, and seeks only process-based ADA accommodations necessary for meaningful access to those proceedings (e.g., remote participation, written submissions, and reasonable extensions where required).

To comply with the Court's order and avoid unnecessary motion practice, Plaintiff requests to confer promptly regarding whether Defendants:

1. Intend to voluntarily provide or facilitate reasonable ADA accommodations; or
2. Intend to oppose such accommodations, in which case the parties can advise the Court and, if appropriate, propose an expedited briefing schedule for the Court's consideration.

Please advise whether you represent any Defendant in this matter or can direct this notice to appropriate counsel. Plaintiff's counsel is available to confer promptly upon identification of counsel.

Respectfully,

John Allen Douglas
Counsel for Plaintiff Kathryn Copeland
John@JADouglasLaw.com
(945) 544-8650

# EXHIBIT 3

## County ADA Office Written Responses
## (April 17, 2024; May 10, 2024;
## June 18, 2024; July 22, 2024)

**Copeland v. Tarrant County, et al.**
**Civil Action No. 4:25-CV-00890-O**

Subject: RE: Tarrant County Public Accommodation Request
Date:    Wednesday, July 24, 2024 at 2:18:33 PM Central Daylight Time
From:    ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
To:      Katie Copeland <▮▮▮▮▮▮▮▮▮▮▮▮▮▮>

Good afternoon, Ms. Copeland,

In response to your recent ADA Accommodation Request, Tarrant County's position remains the same. As previously stated, the County does not have control over a particular Judge's decision when a litigant seeks ADA accommodations that would modify court proceedings.

Because you indicated that you have filed suit against the County, please direct future correspondence regarding this issue to the Civil Division of the Tarrant County Criminal District Attorney's Office at (817) 884-1233.

From: Katie Copeland <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Sent: Monday, July 22, 2024 4:43 PM
To: ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
Subject: Re: Tarrant County Public Accommodation Request

**EXTERNAL EMAIL ALERT! Think Before You Click!**

Hello,

I have not received a response to this or other communications I have sent. As a resident of Tarrant County, it is essential that I be able to have equal access to justice as any other person. On July 12, 2024, I filed the attached *First Amended Complaint for Violation of Civil Rights and Renewed Motion for Injunctive Relief and Declaratory Judgment Due to Denial of ADA Accommodations and Civil Rights Violations* and included Tarrant County as a defendant. I would prefer to resolve matters outside of the courtroom, so I am hopeful to receive a response from someone soon.

I also just left a voicemail at (817) 212-6935 for Kevin.

Thank you,

Katie Copeland
817-789-8498

If the file is too large for this email, it can be found at this dropbox link:
https://www.dropbox.com/scl/fi/l49dj1y14pl8crhemboei/7.12.24-First-Amended-Complaint.pdf?rlkey=n5g7cxuny3publ8la57tykznm&dl=0

From: Katie Copeland <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A002    1 of 5

**Date:** Tuesday, June 18, 2024 at 9:51 AM
**To:** ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
**Subject:** Re: Tarrant County Public Accommodation Request

Dear Tarrant County ADA Coordinator,

Thank you for your prompt response regarding my ADA accommodation requests. However, I would like to address a few critical points and seek further clarification and assistance.

The relevant case law indicates that the judge, acting as an agent of Tarrant County, has responsibilities under the ADA when adjudicating accommodation requests. I recently consulted with the Office of the Governor's Committee on People with Disabilities, and they concurred that there seems to be a systemic issue with the denial of reasonable accommodations in courtrooms. I have filed complaints with both the Department of Justice and the State Commission on Judicial Conduct. Additionally, I have enlisted the support of my local representatives, including State Senator Kelly Hancock.

Despite these efforts, it appears that my only remedy might be to pursue legal action against the county. While this is not a step I take lightly, especially given my deep ties to Tarrant County, the protection of my civil rights and those of my children must take precedence.

To reiterate, my accommodation requests were denied by the presiding judge without proper consideration of my documented medical needs. This decision has significantly impeded my ability to effectively participate in the legal proceedings due to my multiple severe disabilities. The accommodations I requested, including Communication Access Realtime Translation (CART) and the use of a recording device, are essential for my cognitive impairments and were unjustly denied.

The involvement of a judge, who lacks medical expertise, in deciding the extent and impact of my disabilities is both inappropriate and discriminatory. This has resulted in a violation of ADA guidelines, which mandate reasonable modifications to policies, practices, and procedures to prevent discrimination.

Therefore, I request a thorough and impartial review of my accommodation needs by a qualified ADA officer, independent of the presiding judge, to ensure compliance with ADA standards and rectify the barriers I have faced.

I appreciate your attention to this matter and look forward to your assistance in ensuring that my rights are upheld.

Sincerely,

Kathryn Copeland
405 Crawford St., #2145
Fort Worth, TX 76104

████████████████████

817-789-8498


On Jun 18, 2024, at 8:09 AM, ADM - ADA Requests
<ADARequests@tarrantcountytx.gov> wrote:

Good morning, Ms. Copeland,

Tarrant County provides assistance for those with disabilities that prevent them
from physically accessing and navigating the County's physical facilities and
programs. The County does not have control over a particular Judge's decision
when a litigant seeks ADA accommodations that would modify court
proceedings. Such a decision relates to a judge's adjudicative responsibilities
and is within a judge's sole discretion pursuant to judicial rules outlined within
Chapter 24 of the Texas Gov't Code, as well as the Texas Code of Judicial
Conduct and Texas Rules of Judicial Administration. You may find additional
resources regarding your below inquiries by visiting the Texas Judicial Branch's
website at www.txcourts.gov.

-----Original Message-----
From: noreply@tarrantcountytx.gov <noreply@tarrantcountytx.gov>
Sent: Friday, June 7, 2024 11:19 AM
To: ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
Subject: Tarrant County Public Accommodation Request

You have received a new Review of Accommodatio Request form.

Reference Number:
Request went through ADARequests@tarrantcountytx.gov

Full Name:
Kathryn Copeland

Email Address:
████████████████████

Home Phone:
8177898498

3 of 5

Work Phone:


Street Address:

██████████████

City, State, Zip:
Fort Worth


Reason Requested:
I disagree with the response to my ADA accommodation request because the handling and denial of my request by the presiding judge were not in accordance with the ADA guidelines and demonstrated a significant lack of understanding and sensitivity towards my disabilities. My initial request was submitted through the Tarrant County website, which did not specify an ADA officer. Instead, my request was directed to and decided by the judge overseeing my case.

The judge, acting as an agent of Tarrant County, denied several of my reasonable accommodation requests, which severely impacted my ability to effectively participate in the legal proceedings. The accommodations requested were essential due to my multiple severe disabilities, including hypermobile Ehlers-Danlos syndrome (hEDS), a vestibular schwannoma (brain tumor), mast cell activation syndrome (MCAS), median arcuate ligament syndrome (MALS), postural orthostatic tachycardia syndrome (POTS), and cognitive impairments due to long COVID.

Specific Issues with the Response:

Lack of Proper Accommodation: Despite my detailed explanation of my needs, several critical accommodations were denied or inadequately provided. For instance, my request for Communication Access Realtime Translation (CART) for real-time transcription and the use of a recording device for personal reference were denied, significantly impairing my ability to follow and participate in court proceedings.

Inappropriate Handling by the Judge: It is inappropriate for a judge, who is not a medical professional, to opine on the extent and impact of my disabilities. This overreach not only shows a lack of expertise but also introduces bias and discrimination into the accommodation decision process. The judge's decision did not adequately consider my documented medical needs, which are supported by extensive medical records and expert testimony.

Violation of ADA Guidelines: The denial of my accommodations appears to be in direct violation of the ADA, which requires public entities to make reasonable modifications to their policies, practices, and procedures to avoid discrimination. The judge's actions did not meet these requirements, resulting in a significant barrier to my access to justice.

Retaliation and Bias: There is evidence suggesting that the judge's decision was influenced by bias and possibly retaliatory motives, as I had previously sought to disqualify this judge for misconduct. This history further underscores the need for a fair and impartial review by an appropriate ADA officer rather than the presiding judge.

Sources and Devices:

Communication Access Realtime Translation (CART): A real-time transcription service that would have allowed me to read spoken words instantly during the proceedings, which is crucial for my cognitive impairments.
Recording Device: To accurately capture the proceedings for my personal review, considering my cognitive limitations.
Support Person: A reasonable request to have a support person present to assist with my cognitive and physical needs during the proceedings.
Given these issues, I request a thorough and impartial review of my accommodation needs by a qualified ADA officer, independent of the presiding judge, to ensure compliance with ADA standards and to rectify the discrimination and barriers I have faced.

Thank you for your attention to this critical matter.

Sincerely,
Katie Copeland

5 of 5

| | |
|---|---|
| **Subject:** | Fwd: Tarrant County Public Accommodation Request |
| **Date:** | Sunday, July 13, 2025 at 1:49:37 PM Central Daylight Time |
| **From:** | Katie Copeland < ███████████████ |
| **To:** | ██████████████████ < ██████████████████ |
| **Attachments:** | 4.30.24 Respondents Second Amended Motion for ADA Accommodations.pdf, ATT00001.htm, 11.10.23 First Amended Motion for Accommodation Under ADA and Federal Law.pdf, ATT00002.htm |

No response.

**Katie Copeland**
817-789-8498

Begin forwarded message:

**From:** Katie Copeland < ███████████████
**Date:** May 10, 2024 at 5:06:55 PM CDT
**To:** ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
**Subject: Re: Tarrant County Public Accommodation Request**

Hello,

I filed a motion for ADA accommodations, but many of them were denied. The Judge said that Tarrant County didn't have CART. I can't even recall which ones were approved and which were denied. We may need to talk to the county ADA attorney about this because I think the Court violated ADA.

Please help me find a resolution as I fear it had a major impact on my case.

Thank you,

Katie Copeland
817-789-8498

**From:** ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
**Date:** Wednesday, April 17, 2024 at 2:57 PM
**To:** ██████████████████ < ██████████████████
**Subject:** RE: Tarrant County Public Accommodation Request

Good Afternoon Ms. Copeland

Your ADA request would need to go directly through the court your case is assigned to.

-----Original Message-----

1 of 3

**From:** **ADM - ADA Requests** ADARequests@tarrantcountytx.gov
**Subject:** RE: Tarrant County Public Accommodation Request
**Date:** April 17, 2024 at 2:57 PM
**To:** ██████████████████

Good Afternoon Ms. Copeland

Your ADA request would need to go directly through the court your case is assigned to.

-----Original Message-----
From: noreply@tarrantcountytx.gov <noreply@tarrantcountytx.gov>
Sent: Friday, April 12, 2024 7:26 PM
To: ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
Subject: Tarrant County Public Accommodation Request

You have received a new public accommodation request form.

Full Name:
Kathryn Copeland

Email Address:
██████████████████

Home Phone:
8177898498

Work Phone:


Street Address:
██████████████████

City, State, Zip:
Fort Worth

Accommodation Requested:
To Whom It May Concern,

I am requesting accommodations under the Americans with Disabilities Act for equitable access to services, programs, and activities offered by Tarrant County, Texas, specifically in relation to my ongoing legal proceedings. Due to my medical conditions, which include cognitive function, hypermobile Ehlers-Danlos Syndrome, and other comorbidities, I face substantial barriers in a standard legal process environment.

I kindly request the following accommodations:

Written submissions in lieu of oral arguments, to accommodate communication challenges.
Permission to stay seated while addressing the court.
Allowing more frequent 10-15 minute breaks during proceedings for health management.
A slower pace for speaking and raising objections.
Extended time allocations for presenting my case as I have not been getting equal time and it takes me longer to process and communicate. Ex: If the other side gets 60 minutes, I would need 90 minutes.
Additional time for responding to future court filings.
Access to audio recordings and written transcripts of hearings, with financial consideration for my limited means. I urgently need the transcripts of the hearings that have occurred since 11/13/24 as I am being denied fundamental rights without reasons or explanations. (See transcript of 4/4/24 hearing that I paid $664 to obtain where I asked many of these questions.) Appointment of legal counsel to assist with safeguarding my civil rights, referencing the 14th Amendment of the US Constitution, Texas Rule of Civil Procedure 680 and Texas Family Code 105. Ex: I was entitled to a hearing within 14 days of an ex parte TRO with extraordinary relief that separated me and my daughters, but I was not provided a hearing for 13 months. It is happening again, as I have not had my children since November 12, 2023, despite there being no evidence of risk of harm, inadequate pleadings, insufficient notice, and lack of equal access to participating in the legal process due to my disabilities.
Extended preparation time before trial currently set on May 6-7, 2024 for attorney retention.
A review of trial pleadings by an appointed judge for clarity on issues to be addressed at trial.
Permission to use a recording device for personal reference post-proceedings.
The presence of a support person at counsel table to assist with managing physical and cognitive needs, including frequent breaks for understanding.
Court documents provided in large print or audio format.
Use of Communication Access Realtime Translation (CART) for real-time transcription.
Oversight by a judge familiar with ADA accommodations, ensuring adherence.
A transcript of the 2/12/24 hearing, which is estimated to cost $1,800.
Consideration for reasonable modifications to courtroom practices to aid my participation.
Avoidance of aggressive cross-examination approach to reduce stress, brain flooding, and PTSD.
Explanation of legal terms in plain language.
Waiver of costs for obtaining Reporter's and Clerk's Records, as per my Statement of Inability to Pay.
If my rights are not reinstated before the next scheduled visit on 4/20/24, I request revision of "supervised visitation" terms to a less stressful environment, potentially at my home.

Your attention to these matters is crucial for my effective participation and is greatly appreciated. For implementation of these accommodations, I can provide specific information on devices and services if necessary.

Sincerely,

Kathryn Copeland

From: noreply@tarrantcountytx.gov <noreply@tarrantcountytx.gov>
Sent: Friday, April 12, 2024 7:26 PM
To: ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
Subject: Tarrant County Public Accommodation Request

You have received a new public accommodation request form.

Full Name:
Kathryn Copeland

Email Address:
███████████████

Home Phone:
8177898498

Work Phone:


Street Address:
██████████████

City, State, Zip:
Fort Worth

Accommodation Requested:
To Whom It May Concern,

I am requesting accommodations under the Americans with Disabilities Act for equitable access to services, programs, and activities offered by Tarrant County, Texas, specifically in relation to my ongoing legal proceedings. Due to my medical conditions, which include cognitive function, hypermobile Ehlers-Danlos Syndrome, and other comorbidities, I face substantial barriers in a standard legal process environment.

I kindly request the following accommodations:

Written submissions in lieu of oral arguments, to accommodate communication challenges.
Permission to stay seated while addressing the court.
Allowing more frequent 10-15 minute breaks during proceedings for health management.
A slower pace for speaking and raising objections.
Extended time allocations for presenting my case as I have not been getting equal time and it takes me longer to process and communicate. Ex: If the other side gets 60 minutes, I would need 90 minutes.
Additional time for responding to future court filings.
Access to audio recordings and written transcripts of hearings, with financial consideration for my limited means. I urgently need the transcripts of the hearings t

A009    2 of 3

have occurred since 11/13/24 as I am being denied fundamental rights without reasons or explanations. (See transcript of 4/4/24 hearing that I paid $664 to obtain where I asked many of these questions.) Appointment of legal counsel to assist with safeguarding my civil rights, referencing the 14th Amendment of the US Constitution, Texas Rule of Civil Procedure 680 and Texas Family Code 105. Ex: I was entitled to a hearing within 14 days of an ex parte TRO with extraordinary relief that separated me and my daughters, but I was not provided a hearing for 13 months. It is happening again, as I have not had my children since November 12, 2023, despite there being no evidence of risk of harm, inadequate pleadings, insufficient notice, and lack of equal access to participating in the legal process due to my disabilities.

Extended preparation time before trial currently set on May 6-7, 2024 for attorney retention.

A review of trial pleadings by an appointed judge for clarity on issues to be addressed at trial.

Permission to use a recording device for personal reference post-proceedings.

The presence of a support person at counsel table to assist with managing physical and cognitive needs, including frequent breaks for understanding.

Court documents provided in large print or audio format.

Use of Communication Access Realtime Translation (CART) for real-time transcription.

Oversight by a judge familiar with ADA accommodations, ensuring adherence.

A transcript of the 2/12/24 hearing, which is estimated to cost $1,800.

Consideration for reasonable modifications to courtroom practices to aid my participation.

Avoidance of aggressive cross-examination approach to reduce stress, brain flooding, and PTSD.

Explanation of legal terms in plain language.

Waiver of costs for obtaining Reporter's and Clerk's Records, as per my Statement of Inability to Pay.

If my rights are not reinstated before the next scheduled visit on 4/20/24, I request revision of "supervised visitation" terms to a less stressful environment, potentially at my home.

Your attention to these matters is crucial for my effective participation and is greatly appreciated. For implementation of these accommodations, I can provide specific information on devices and services if necessary.

Sincerely,

Kathryn Copeland